# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HARVEY McDANIELS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-01791-JAD-GWF |
| ) | |
| vs. ) | **ORDER AND REPORT AND RECOMMENDATION** |
| ) | |
| JUDGE JESSIE WALSH, DEWAYNE NOBLES, ) | Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1) |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on October 28, 2014.

## BACKGROUND

Plaintiff alleges violations of his First and Sixth Amendment rights. Plaintiff claims that he invoked his Sixth Amendment right to a speedy trial, but his counsel and the judge worked together to deny him those rights. Upon raising a protest in Court, the Judge told him to "shut up."

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Instant Complaint

Plaintiff brings § 1983 claims of conspiracy and violations of his First and Sixth Amendment rights against Judge Jessie Walsh and attorney Dewayne Nobles. Plaintiff alleges that he made it known to his counsel that he wished to invoke his speedy trial rights and proceed to trial as soon as possible, as the events were already beyond a 60 day speedy trial limit. When he attempted to inform the judge of his desire to invoke his rights, the judge told him to "shut up," violating his First Amendment rights. Plaintiff alleges that Judge Walsh and Mr. Nobles were working "in coercion" to violate his rights. Because of these violations, he has been forced to remain in custody and has not yet proceeded to trial.

The Court may take judicial notice of filings in another court, so long as the documents are readily verifiable and the proper subject of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court, as part of screening the complaint, takes judicial notice of the minutes of proceedings in State of Nevada v. Harvey McDaniels, case no. C-14-299584-1, on September 22, 2014. The minutes read, in their entirety:

> Mr. Nobles advised he's not ready for trial as the preliminary hearing transcript did not get filed until 9/3/14. Further, counsel may have to file a writ. Ms. Pieper stated no opposition. Mr. Nobles stated deft. invoked his right to speedy trial. Court Finds good cause shown to waive speedy trial and ORDERED, trial date VACATED and RE-SET. CUSTODY 04/20/15 8:30 A.M. CALENDAR CALL 04/27/15 1:00 P.M. JURY TRIAL

Plaintiff claims these actions were the result of a conspiracy against him to violate his rights. In order to properly plead a claim for conspiracy, the Plaintiff must show "an agreement or meeting of the minds to violate constitutional rights. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989). Mere conclusory allegations are insufficient to state a claim of conspiracy. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991); *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff offers no evidence of an agreement between Judge Walsh and Mr. Nobles. The facts presented by Plaintiff, when read with the judicially noticed minutes of the hearing, offer no actual evidence of a conspiracy, but rather of a motion to continue requested by Mr. Nobles, as he

had not enough time to properly prepare to defend the Plaintiff in the criminal matter. He further indicated that he may need more time to file a writ on behalf of his client. The Court found this to be good cause to waive the Plaintiff's speedy trial rights. None of this information, apart from the mere conclusory allegations of the Plaintiff, suggests there is a conspiracy against the Plaintiff.

Furthermore, a judge has absolute immunity from damage actions and from § 1983 claims for actions performed in the judge's official capacity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Demoran v. Witt*, 781 F.2d 155, 156. A judge may lose the immunity if the action in question "is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). To determine if the action is judicial in nature, the Court should consider if the act is "a function normally performed by a judge, and to the expectations of the parties." *Ashelman*, 793 F.2d at 1075. In the instant case, Judge Walsh's actions were those normally performed by a judge: scheduling hearings, accepting waivers of rights, and maintaining decorum in the courtroom. Therefore, Judge Walsh's actions are protected by judicial immunity, and the claims against her should be dismissed.

Even if Plaintiff were able to properly state a conspiracy claim, his § 1983 suit would fail because the defendant who may be sued is not a state actor. A § 1983 action provides a remedy for those whose civil rights were violated by those acting under the color of state law. Proper pleading of this claim requires the Plaintiff to show "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Generally, a private party does not act under the color of state law. *See Price*, 939 F.2d at 707-708; *see also Simmons*, 318 F.3d at 1161 (finding that an attorney in private practice is not acting under the color of state law). As a private defense attorney, Mr. Nobles is not a state actor. Because both named defendants may not be sued under § 1983, the § 1983 claim should be dismissed.

The Court will also examine the Plaintiff's individual claims of First and Sixth Amendment violations. Plaintiff alleges his First Amendment Rights were violated when he was instructed to "shut up" by Judge Walsh. Courts have determined that there are three types of forums for expressive speech: the traditional public forum, the public forum created by government

4

designation, and the nonpublic forum. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1983). Courthouses and courtrooms are nonpublic forums. *Sammartano v. First Judicial Distrct Court in & for Cnty of Carson City*, 303 F.3d 959, 966 (9th Cir. 2002), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *see also Berner v. Delahanty*, 129 F.3d 20, 26 (1st Cir. 1997); *Claudio v. United States*, 836 F.Supp 1219, 1224-25 (E.D.N.C. 1993), *aff'd*, 28 F.3d 1208 (4th Cir. 1994); *Quiney v. Brooks*, 2011 WL 1327856 at *3 (D. Nev. 2011) (concluding that the Regional Justice Center in Las Vegas, Nevada, was not a public forum). In a nonpublic forum, access "can be restricted as long as the restrictions are "reasonable and [are] not an effort to suppress expression merely because public officials oppose the speaker's view.'" *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. at 800 (1985) *quoting Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45 (1983).

A judge is required to maintain order and decorum in all proceedings before the Court. *Nevada Code of Judicial Conduct*, Rule 2.8. The judge may take reasonable steps to ensure that order and decorum are kept in all proceedings. The limited facts before this Court make it impossible to determine if the judge acted reasonably in this circumstance. Regardless, due to the previously discussed judicial immunity, the Plaintiff may not bring suit against the judge for any the alleged First Amendment violation. The Plaintiff's First Amendment claim should also be dismissed.

Finally, the Plaintiff's Sixth Amendment claim should also be dismissed, as he does not state a claim on which relief can be granted. It appears from the Plaintiff's complaint that he wishes to file a claim for legal malpractice or for ineffective assistance of counsel. In Plaintiff's request for relief, he requests damages for "ineffective assistance of counsel pertaining to Dewayne Nobles." Plaintiff may file an application for a writ of habeas corpus in federal court on the grounds of ineffective assistance of counsel under 28 U.S.C. § 2254, but may only do so if "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Plaintiff explicitly states that he has not sought relief from the proper administrative officials. (#1-1, pg. 8). The Plaintiff

has presented no evidence that the circumstances exist that would prevent him from seeking relief from the Nevada Supreme Court. Therefore, this Court currently has no subject matter jurisdiction over the Plaintiff's potential claim for ineffective assistance of counsel.

Should the Plaintiff alternatively wish to file a legal malpractice claim, he must do so in Nevada state court. In Nevada, legal malpractice requires "an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." *Semenza v. Nevada Medical Liability Ins. Co.*, 104 Nev. 666, 667-668 (1988). Nevada requires that a plaintiff suing his own private criminal defense counsel "must assert a basis for claiming that the plaintiff's conviction or sentence was caused by something other than the plaintiff's own conduct. Specifically, the plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss." *Morgano v. Smith*, 110 Nev. 1025, 1029 (1994). Given this pleading requirement, the Plaintiff's complaint is premature; the Plaintiff has not yet proceeded to trial or received any sentence. Furthermore, the federal courts do not have subject matter jurisdiction over legal malpractice claims arising out of criminal actions in Nevada state court. *Cortner v. Grad*, 2010 WL, 3719273 (D. Nev. 2010) (finding a legal malpractice claim involving violations of constitutional rights lay outside the jurisdiction of the federal courts); *Banks v. Clark County, Nev.*, 2010 WL 1416877 at *5 (D. Nev. 2010) (finding a complaint for legal malpractice resulting in Sixth Amendment violations is based on state law). This Court has no subject matter jurisdiction over legal malpractice that occur in Nevada state court, even when based on a violation of Constitutional rights. Therefore, the Plaintiff's Sixth Amendment claim should also be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of

subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1896057), in the months that the account exceeds $10.00, until the full $400.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Complaint (1-1) be **dismissed** with prejudice.

**DATED** this 26th day of March, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge